

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ODONNELL<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, JOHN DOES 1-10 AND X,Y,Z, CORPORATIONS,<br><br>　　　　Defendants. | Civil Action No.<br><br>12　　　649 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendants, Midland Credit Management, Inc. and Midland Funding, LLC, by and through their Counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby remove the action entitled <u>Joseph Odonnell v. Midland Credit Management, Inc., Midland Funding, LLC, John Does 1-10 and X,Y,Z Corporations</u>, docket no. 2011-11006, as filed in the Court of Common Pleas of Bucks County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.　　On or about January 3, 2012, Plaintiff filed the Action in the Court of Common Pleas of Bucks County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

1

2. Midland first received notice of the Action on or around January 18, 2012, when it was served with Plaintiff's Complaint via certified mail.

3. Based on the foregoing, Midland has timely filed this Notice of Removal within thirty days of the filing of the Complaint, within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Midland pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged, *inter alia,* that Midland violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting a claim that arises under federal law.

5. In that the causes of action alleged by the Plaintiff arises from the performance of obligations of the parties within Bucks County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6. Pursuant to 28 U.S.C. § 1446(d), Midland will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Bucks County Court of Common Pleas.

**WHEREFORE**, Defendants, Midland Credit Management, Inc. and Midland Funding, LLC, notify this Court that this cause is removed from the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By: _____
RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendants
Midland Credit Management, Inc. and
Midland Funding, LLC

Dated: <u>February 6, 2012</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ODONNELL<br><br>              Plaintiff,<br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, JOHN DOES 1-10 AND X,Y,Z, CORPORATIONS,<br><br>              Defendants. | **Civil Action No.** |

### CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendants, Midland Credit Management, Inc. and Midland Funding, LLC's, **Notice of Removal** was served upon the below-listed counsel of record by regular mail on February 6, 2012.

    Vicki Piontek, Esquire
    951 Allentown Road
    Lansdale, PA 19446
    Attorney for Plaintiff
    Joseph Odonnell

                                  **MARSHALL, DENNEHEY, WARNER,
                                  COLEMAN & GOGGIN, P.C.**

By: _____
                                RONALD M. METCHO, ESQUIRE
                                1845 Walnut Street, 17th Floor
                                Philadelphia, PA 19103
                                (215) 575-2595 / (215) 575-0856 (f)
                                rmmetcho@mdwcg.com
                                Attorneys for Defendants
                                Midland Credit Management, Inc. and
                                Midland Funding, LLC

Dated: <u>February 6, 2012</u>

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Joseph Odonnell  
809 Cypress Rd  
Warminster, PA 18974,  
      Plaintiff  
Vs.  : 2011-11006  
Midland Credit Management, Inc.  
8875 Aero Drive, Suite 200  
San Diego, California 92123  
and : Jury Trial Demanded  
Midland Funding, LLC  
8875 Aero Drive Suite 200  
San Diego, CA 92123  
and  
John Does 1-10  
and  
X,Y,Z Corporations  
      Defendant(s)

RECEIVED  
JAN 18 2012  
BY: Cert Mail

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

See Next Page >>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>.



Case Number: 2011-11006  
Receipt: Z619057 Judge: 26  
Code: 46 Filing: 9745104  
Patricia Bachtle - Bucks Co Prothonotary  
B09 1/3/2012 2:36:45 PM

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(2515) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Joseph Odonnell<br>809 Cypress Rd<br>Warminster, PA 18974,<br>　　　　　　Plaintiff<br>Vs.<br>Midland Credit Management, Inc.<br>8875 Aero Drive, Suite 200<br>San Diego, California 92123<br>and<br>Midland Funding, LLC<br>8875 Aero Drive Suite 200<br>San Diego, CA 92123<br>and<br>John Does 1-10<br>and<br>X,Y,Z Corporations<br>　　　　　　Defendant(s) | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 2011-11006<br><br><br>Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Venue is appropriate in this Court as Defendant conducts business within this jurisdiction, and the events giving rise to Plaintiff's claims have caused harm within this jurisdiction.

## PARTIES

3. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

4. Plaintiff is Joseph Odonnell, an adult individual with a current address of 809 Cypress Road, Warminster, PA 18974.

5. Defendants are the following persons and business entities.

   a. Midland Credit Management, Inc., a business entity engaged in the practice of debt collection, with a business address including but not limited to 8875 Aero Drive, Suite 200, San Diego, California 92123.

   b. Midland Funding, LLC, a business entity engaged in the practice of debt collection, with a business address including but not limited to 8875 Aero Drive Suite 200, San Diego, CA 92123.

   c. John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

   d. X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## COUNT ONE: Violation of Fair Debt Collection Practices Act

## 15 USC 1692 et. seq.

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

7. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

8. Defendant(s) is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

9. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer debt against Plaintiff.

10. Within the applicable statute of limitations, during the Year of Our Lord 2011, Defendant(s) or its designated employee, agent or representative contacted Plaintiff's home by telephone, and spoke to Plaintiff's girlfriend.

11. At the time that Defendant made such contact with Plaintiff's girlfriend, Defendant(s) left a messages with Plaintiff's girlfriend.

12. Said message stated that is was from Mike Springs, an agent employee or representative of Defendant(s), and for Plaintiff to return Defendant(s) telephone call, at 800-265-8825, Extension 54911.

16. Said message from Defendant(s) to Plaintiff's girlfriend violated FDCPA because it did not disclose the identity of the debt collector.

17. Said message from Defendant(s) to Plaintiff's girlfriend violated FDCPA because it did not disclose that the nature and purpose of the call was to collect a debt.

18. In the alternative, if the telephone messages from Defendant(s) to Plaintiff's girlfriend did disclose that the nature any purpose of the call was to collect a debt, then the message would have violated the FDCPA which prohibits disclosure to unauthorized third parties about the alleged debt.

19. Either way, by leaving the message with an unauthorized third party, it would have been logically impossible for Defendant(s) to have not violated the FDCPA, either by failing to make proper disclosure or by disclosing to an unauthorized third party.

20. What Defendant should have done while speaking to Plaintiff's girlfriend was ask if Plaintiff was there, and if not, then say goodbye and call back later.

21. The FDCPA does not guarantee the right of the debt collector to leave messages. Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.

22. When contacting Plaintiff's residence, Defendant used a blocked caller ID.

23. When contacting Plaintiff's residence, Defendant used a blocked number.

24. By blocking Defendant's caller ID, Defendant(s) masked or failed to disclose the identity of the debt collector. *See Knoll v. IntelliRisk Management Corporation*, 2006 U.S. Dist. LEXIS 77467 (D. Minn. October 16, 2006).

25. By blocking Defendant's number, Defendant(s) masked or failed to disclose the identity of the debt collector. *See Knoll v. IntelliRisk Management Corporation*, 2006 U.S. Dist. LEXIS 77467 (D. Minn. October 16, 2006).

## LIABILITY

26. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

27. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

28. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

29. Joint and several liability may attach under the doctrine of alter ego, for the purpose of piercing the corporate veil.

30. Joint and several liability may attach under the doctrine of undercapitalization, for the purpose of piercing the corporate veil.

## DAMAGES

31. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

32. At least $1.00 actual damages, more or less, including but not limited to phone, fax, stationary, postage, etc.

33. Actual damages for members of the class.

34. $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

35. Plaintiff believes and avers that Plaintiff suffered emotional distress as a result of Defendant(s)' illegal conduct in an amount to be proven at trial, because Plaintiff was humiliated in front of his girlfriend.

36. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is no less than $5,000.00.

## ATTORNEY FEES

37. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

38. Attorney fees of $1,750.00 at a rate of $350.00 per hour, enumerated below.

| | |
|---|---|
| a. Consultation with client in person and by telephone on numerous occasions. | 1 |
| b. Drafting, editing, review, filing and of service complaint and related documents | 2 |
| c. Follow up With Defense | 2 |

5 x $350 = $1,750

39. The above stated attorney fees include time spent up to the date of the filing of the Complaint as well as reasonable follow up.

40. Plaintiff's attorney fees continue to accrue as the case move forward.

## OTHER RELIEF

41. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

42. Plaintiff seeks injunctive relief barring further unlawful collection activity.

43. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

44. Plaintiff requests a jury trial in this matter.

45. Plaintiff demands a jury trial in this matter.

Wherefore, plaintiff demands judgment against defendant in the amount of $7,751 enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$5,000 emotional distress

$1,750 attorney fees

---

$7,751

_Vicki Piontek_    12-30-2011
Vicki Piontek, Esquire    Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com



Mike Springs  1-800-265-8825 · ext 54911

Exhibit A

